IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANEITH GLENN-DAVIS,<br><br>            Plaintiff,<br><br>    v.<br><br>OAKLAND CITY OF,<br><br>            Defendant.<br>_____/ | No. C 02-02257 SI<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

On September 23, 2005, the Court heard argument on defendants' motion for summary judgment. Having considered the arguments of counsel and the papers submitted, the Court hereby DENIES defendants' motion.

**BACKGROUND**

Plaintiff Janeith Glenn-Davis brings this employment action under federal and California law alleging that defendants denied her a promotion to Captain at the Oakland Police Department because of her gender and/or pregnancy. In an order filed May 22, 2003, this Court applied the burden shifting framework laid out in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973), and granted summary judgment in favor of defendants. The Court held that Glenn-Davis established a prima facie case of discrimination, and that defendants met their burden to show a legitimate reason for not promoting Glenn-Davis to captain by introducing evidence that a hiring freeze was in place during the relevant time period. The Court concluded that plaintiff failed to carry her burden of showing pretext on the part of defendants. Plaintiff appealed.

The Ninth Circuit reversed and remanded this case for further proceedings in an unpublished memorandum disposition filed March 15, 2005. The Ninth Circuit's decision states, in relevant part:

> This Court recently considered a similar situation in *McGinest v. GTE Service Corp.*, 360 F.3d 1103 (9th Cir. 2004). In reversing the district court's grant of summary judgment for failure to promote, we held that "the absence of any documentation confirming that a company hiring freeze was in place during the relevant time period [was] sufficient to raise a genuine factual dispute as to whether the asserted reason was pretextual." *Id.* at 1123. The complete absence of any Memoranda, meeting notes, or other evidence provided circumstantial evidence that the hiring freeze never existed and was pretext for racial discrimination. *See id.*
>
> Premised upon *McGinest*, and recognizing that the district court did not have the benefit of its factual scenario, the grant of summary judgment will be reversed and remanded for further proceedings.

Following remand, defendants have filed a renewed motion for summary judgment. Defendants argue summary judgment is appropriate, despite the Ninth Circuit's remand, because this case is factually distinguishable from *McGinest* and because they have submitted additional evidence in the form of new and expanded declarations showing that the hiring freeze was in place during the relevant time period. These declarations do not contain evidence that the hiring freeze was documented in writing. Plaintiff opposes the motion on several grounds, arguing that summary judgment is precluded by the law of the case doctrine and because there are numerous triable issues of fact, including whether the "hiring freeze" was legitimate or pretextual.

## LEGAL STANDARD

**A.    Summary Judgment**

The Federal Rules of Civil Procedure provide for summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In a motion for summary judgment, "[if] the moving party for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issues of material fact, the burden of production then shifts so that "the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *See T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing

2

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 317 (1986)).

In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, and draws all inferences in the light most favorable to the nonmoving party. *See T.W. Electric*, 809 F.2d at 630-31 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348 (1986)); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Falls Riverway Realty, Inc. v. City of Niagara Falls*, 754 F.2d 49 (2d Cir. 1985); *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Hearsay statements found in affidavits are inadmissible. *See, e.g., Fong v. American Airlines, Inc.*, 626 F.2d 759, 762-63 (9th Cir. 1980).

**B.    Gender and Pregnancy Discrimination**

The burden-shifting method of proof set forth in *McDonnell Douglas Corp.*, 411 U.S. 792, 802-05 (1973), governs plaintiff's claims of gender and pregnancy discrimination under Title VII and FEHA. That process requires the plaintiff first to establish a prima facie case of discrimination or retaliation. *See Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889-91 (9th Cir. 1994). Once a plaintiff meets this burden of production, the employer must offer a legitimate, nondiscriminatory reason for the adverse employment decision. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000); *Collings v. Longview Fibre Co.*, 63 F.3d 828, 833-34 (9th Cir. 1995); *Smith v. Barton*, 914 F.2d 1330, 1340 (9th Cir. 1990). If the employer meets this burden, then the plaintiff must produce "specific, substantial evidence" that the proffered reason is pretextual. *Collings*, 63 F.3d at 834 (citation and internal quotation marks omitted). The plaintiff bears the ultimate burden of establishing that she has been discriminated against on the basis of a protected characteristic. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-11 (1993). However, the trier of fact may infer the existence of a discriminatory motive from the plaintiff's proof that the employer's proffered explanation is false. *See Reeves*, 530 U.S. at 146-47.

California relies on decisions interpreting federal nondiscrimination statutes to interpret the FEHA. *See Bradley v. Harcourt, Brace and Co.*, 104 F.3d 267, 272 (9th Cir. 1996). Thus the analyses of federal

3

discrimination claims apply equally to the analogous FEHA claims.

**DISCUSSION**

Defendants' motion for summary judgment first contends that plaintiff has failed to establish a prima facie case of discrimination. For the reasons set forth in the Court's May 22, 2003 order, the Court concludes that plaintiff has established a prima facie case of discrimination.

Defendants next argue that, notwithstanding the Ninth Circuit's reversal or the *McGinest* decision, defendants are entitled to summary judgment because the hiring freeze was a legitimate nondiscriminatory reason for failing to promote Glenn-Davis, and plaintiff has failed to show that the freeze was pretextual. Defendants contend that the Ninth Circuit's memorandum simply directed the Court to reevaluate plaintiff's failure to promote claim in light of *McGinest*, and that *McGinest* is factually distinguishable from the instant case.

Defendants also argue that they have submitted "substantial additional evidence" in the form of an amplified declaration from defendant Chief of Police Word and a new declaration from Deputy Chief Dunbar. Defendants contend that these declarations establish that the hiring freeze was in place during the relevant time period (although not documented in writing), and that the proposed reorganization of the Oakland Police Department was documented in writing.

Not surprisingly, plaintiff interprets the Ninth Circuit's reversal and remand decision much differently, and contends that the Ninth Circuit has already considered and rejected defendants' arguments. Plaintiff argues that the law of the case doctrine prohibits this Court from reconsidering an issue decided by a higher court. Plaintiff also argues that even if the Court evaluated defendants' arguments on the merits, the Court should deny summary judgment because there are numerous issues

of material fact in dispute, including whether the "hiring freeze" was pretextual.[1]

---

[1] Defendants object to the fact that plaintiff did not submit affidavits in opposition to defendants' motion, and that instead she incorporates by reference the opposition papers and supporting evidence filed on April 25, 2003 in opposition to defendants' first motion for summary judgment, as well as plaintiff/appellant's Ninth Circuit opening brief. The Court finds that plaintiff's actions are not improper.

4

The Court agrees with plaintiff's interpretation of the Ninth Circuit's remand decision. The Court stated that its reversal was "premised upon *McGinest*." Notably, the Ninth Circuit did not direct the Court to reevaluate the grant of summary judgment in light of *McGinest*. The issue in question – namely whether plaintiff has raised a triable question of fact regarding pretext – "must have been decided explicitly or by necessary implication in the previous disposition," and thus the law of the case doctrine applies and would bar summary judgment. *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000).

This conclusion does not end the inquiry, however, because as both parties agree, the Court's application of the doctrine is discretionary. *See id.* However, even if the Court reaches the merits of defendants' motion, the Court arrives at the same result because defendants' attempts to distinguish *McGinest* from the instant case are unpersuasive. *McGinest* held that "the absence of any documentation confirming that a hiring freeze was in place during the relevant time period is sufficient to raise a genuine factual dispute as to whether the asserted reason was pretextual." 360 F.3d at 1123. The *McGinest* court noted that "even if such decisions were commonly conveyed to yard managers by word-of-mouth, the fact that a company the size of GTE does not have a memorandum, meeting notes, or other evidence of this hiring freeze . . . provides circumstantial evidence that the hiring freeze did not in fact take place." *Id.* The *McGinest* court emphasized that "very little evidence is necessary to raise a genuine issue of fact regarding an employer's motive," and that any uncertainty with respect to motive must be resolved in favor of the plaintiff at the summary judgment phase. *Id.* at 1124.

Defendants highlight a number of factual differences between *McGinest* and this case in an effort to show that the plaintiff's case in *McGinest* was stronger than the case at bar. Even if defendants' characterization is correct (a question the Court need not decide), these factual differences are irrelevant for purposes of analyzing the specific issue presented by the Ninth Circuit's remand: what evidence is necessary to defeat summary judgment when a defendant claims that a hiring freeze accounted for a failure to promote the plaintiff. The salient holding of *McGinest* is that the absence of written documentation of a hiring freeze in a company the size of GTE was sufficient to raise a dispute regarding pretext. *Id*. at 1123. As in *McGinest*, defendants have not submitted any evidence that the "hiring freeze" was documented in writing; the Word and Dunbar declarations relied on by defendants simply provide further support for defendants' position that the

5

hiring freeze was in place, and that various individuals within the Police Department knew of the freeze by word of mouth. As *McGinest* holds, the absence of written documentation raises a dispute regarding pretext. *Id.* Further, there is no analytical reason to distinguish between what written documentation might be expected of "a company the size of GTE" and an organization the size of the Oakland Police Department.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion for summary judgment.

**IT IS SO ORDERED.**

Dated: September 23, 2005

SUSAN ILLSTON
United States District Judge