IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANEITH GLENN-DAVIS, | No. C 02-02257 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW; GRANTING DEFENDANT'S MOTION FOR A NEW TRIAL UNLESS PLAINTIFF ACCEPTS REMITTITUR; AND GRANTING PLAINTIFF'S MOTION TO STAY OR AMEND JUDGMENT** |
| v. | |
| CITY OF OAKLAND, | |
| Defendant. | |

The parties have filed post-trial motions in this employment discrimination case. Having carefully considered the papers submitted and the arguments of counsel, the Court hereby DENIES defendant's motion for judgment as a matter of law (Docket No. 134), GRANTS defendant's motion for a new trial unless plaintiff accepts the Court's order of remittitur (Docket No. 137), and GRANTS plaintiff's motion to stay or amend judgment. (Docket No. 133).

**DISCUSSION**

**1.   Defendant's Motion for Judgment as a Matter of Law**

After six days of trial, a jury found in favor of plaintiff in this employment discrimination case, and awarded her $150,000 in back pay and $1.85 million in emotional distress damages. Defendant has filed a motion for judgment as a matter of law, or alternatively for a new trial. Defendant contends that the evidence at trial did not support a finding of discrimination based on pregnancy or gender, and that in order to find in favor of plaintiff, the jury must have engaged in speculation and conjecture.

In reviewing defendant's motion for judgment as a matter of law, the Court must view the

evidence in the light most favorable to plaintiff and draw all reasonable inferences in her favor. *See Josephs v. Pacific Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006). "The test applied is whether the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Id.* Here, although the evidence of discrimination was weak and the Court might very well have reached a different conclusion than the jury, the Court cannot conclude that the evidence only supports a verdict in defendant's favor.

The City's sole explanation at trial for failing to promote plaintiff was an undocumented hiring "freeze." However, plaintiff presented uncontroverted evidence that directly challenged that justification: the December 13, 2001 email from George Musgrove to Peter Dunbar. That email, with the subject line "Re: Need to promote," states as follows: "Chief wants to promote someone else. Please get together on your recommendation." According to defendant, the hiring "freeze" was already in place at the time of this email. Thus, this communication directly contradicted the City's defense that plaintiff was not promoted due to a hiring freeze; if a hiring freeze was actually in place, there would be no need to "get together on your recommendation." Mr. Musgrove did not testify at trial, and inexplicably, the City did not put on any evidence or testimony to explain the December 13, 2001 email. Accordingly, based upon the December 13, 2001 email and the City's failure to explain the email, the jury could reasonably have concluded that there was in fact no hiring "freeze," and that the failure to promote plaintiff was due to some other reason.

Plaintiff also put on uncontroverted evidence that after Chief Word learned she was pregnant, Chief Word for the first time expressed concerns to Deputy Chief Holland regarding plaintiff's "commitment" to the Department, and plaintiff was encouraged to join various work-related committees and groups to demonstrate her "commitment." A jury could reasonably conclude from this evidence that plaintiff was being treated negatively on account of her pregnancy. Plaintiff also presented evidence that she was the only person in the history of the Department to "die" on a promotion list when a vacant, budgeted position existed, and that the City promoted males immediately before and after plaintiff was eligible, including into the very position that plaintiff sought. Based upon the evidence adduced at trial, a jury could reasonably conclude that plaintiff's gender and/or pregnancy were motivating factors in the City's decision not to promote her to captain.

2

**2.    Defendant's Motion for New Trial/Remittitur**[1]

Defendant has also filed a motion for a new trial, or alternatively for remittitur of the emotional distress damages awarded by the jury. Defendant contends that the $1.85 million award of emotional distress damages is grossly excessive and unsupported by the evidence, and at most this is a "garden variety" emotional distress case.

The Ninth Circuit has held that a jury's finding on the amount of damages should be reversed only if the amount is "grossly excessive or monstrous," *Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1040 (9th Cir.2003) (internal quotation marks omitted), or if the amount is "clearly unsupported by the evidence" or "shocking to the conscience." *Brady v. Gebbie*, 859 F.2d 1543, 1557 (9th Cir. 1988) (internal quotation marks omitted). In making this determination, the Court must focus on evidence of the qualitative harm suffered by plaintiff. "The severity or pervasiveness of the conduct is relevant insofar as it provides probative evidence from which a jury may infer the nature and degree of emotional injury suffered, but direct evidence of the injury is still the primary proof." *Velez v. Roche*, 335 F. Supp. 2d 1022, 1038 (N.D. Cal. 2004); *see also Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 513-14 (9th Cir. 2000) (focusing on evidence of harm suffered by plaintiff, such as anxiety, rashes, etc.).

The Court concludes that the jury's award of $1.85 million in emotional distress damages is wildly excessive and unsupported by the evidence, and that it should be reduced to $400,000. Although plaintiff and her husband testified that plaintiff suffered emotional distress as a result of not receiving the promotion, there was no testimony that this distress was sufficiently extreme or prolonged to justify a $1.85 million emotional distress award. Plaintiff testified that, as a result of not receiving the promotion, she was "extremely disappointed," "humiliated," "deeply betrayed," and that it was "extremely difficult," "extremely stressful," and "painful" to return to work after maternity leave. *See* Scott Decl. in Support of Plaintiff's Opposition to Defendant's Motion for New Trial and/or Remittitur,

---

[1] Defendant originally submitted three juror declarations in support of its motion for a new trial/remittitur. In both the reply brief and at oral argument, counsel for defendant acknowledged that these declarations were improper and should not be considered by the Court. The Court finds that these declarations should be removed from the record, and accordingly STRIKES Docket Nos. 138, 139 and 140.

Ex. A at 8, 17, 19. Plaintiff's husband's testimony was arguably somewhat stronger,[2] yet still there is no basis to support such a large emotional distress award. Notably, there was no testimony that plaintiff suffered from depression or anxiety, or that plaintiff was unable to perform her job. There was no testimony that plaintiff sought psychological or medical treatment, nor was there any testimony that plaintiff suffered from any physical ailments or deterioration in her health. Within a few months of returning to work after maternity leave in May 2002, plaintiff was able to obtain a new position with California State University, Hayward.

An analysis of defendant's conduct, as a proxy to assess the distress inflicted on plaintiff, also supports a reduction in the emotional distress award. The Court finds it significant that plaintiff challenged a single instance of discrimination – the failure to promote – as opposed to an ongoing course of discriminatory or harassing conduct. More importantly, while any act of discrimination is repugnant, the conduct at issue here was not particularly egregious. Plaintiff was not subjected to a hostile work environment, no one ever made overtly sexist remarks to her, and she did not experience any retaliation.

"When the court, after viewing the evidence concerning damages in a light most favorable to the prevailing party, determines that the damages award is excessive, it has two alternatives. It may grant defendant's motion for a new trial or deny the motion conditional upon the prevailing party accepting a remittitur. The prevailing party is given the option of either submitting to a new trial or of accepting a reduced amount of damage which the court considers justified." *Fenner v. Dependable Trucking Co.*, 716 F.2d 598, 603 (9th Cir. 1983). Accordingly, the Court GRANTS defendant's motion for a new trial unless plaintiff accepts the Court's order of remittitur. By **March 30, 2007**, plaintiff shall file and serve

---

[2] Plaintiff's husband testified as follows: "what I saw almost devastated her it was felt like something was shattered," "during that period of time even afterward most recently going through things like crying spells, little distance with the family . . . we've been together for 12 years, I never seen anything impact her like this," "after that once again her emotion from my point of view she didn't have the commitment anymore," "I witness this for close to a year maybe, and I just realize it was just really tearing my wife apart and starting to have, in my opinion, [a] very negative effect on the family." *Id.* at Ex. B at 5, 6, 11, 12.

4

a statement regarding whether she accepts the remittitur or opts for a new trial.[3]

### 3.     Plaintiff's Motion to Stay or Amend Judgment

Plaintiff has filed an unopposed motion to stay or modify the judgment to allow the Court to consider plaintiff's additional claims for injunctive relief and front pay. The Court hereby GRANTS the motion and VACATES the March 1, 2006 judgment. After resolution of plaintiff's claims for injunctive relief and front pay, the Court shall enter a final judgment encompassing all of plaintiff's claims.

The Court sets the following briefing schedule on plaintiff's claims for injunctive relief and front pay: plaintiff's brief shall be filed and served by **March 30, 2007**; defendant's opposition shall be filed and served by **April 13, 2007**; plaintiff's reply shall be filed and served by **April 20, 2007**; and oral argument is scheduled for **April 27, 2007 at 9:00 a.m.**

### CONCLUSION

For the foregoing reasons, the Court hereby DENIES defendant's motion for judgment as a matter of law (Docket No. 134), GRANTS defendant's motion for a new trial unless plaintiff accepts the Court's order of remittitur (Docket No. 137), and GRANTS plaintiff's motion to stay or amend judgment. (Docket No. 133). The Court also STRIKES Docket Nos. 138, 139 and 140 from the record.

**IT IS SO ORDERED.**

Dated: March 5, 2007

SUSAN ILLSTON
United States District Judge

---

[3] If plaintiff chooses a new trial, Section 3 of this order is moot, and the Court shall schedule a case management/pretrial conference.

5